STRANCH, JENNINGS, & GARVEY, PLLC

Nathan R. Ring, Oregon State Bar No. 172663
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Tel.: 725-235-9750
nring@stranchlaw.com

[Additional counsel appear on signature page]

*Counsel for Plaintiff and Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JASON MITCHELL, *individually and on behalf of those similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>WILLAMETTE FALLS PAPER CO., INC. and COLUMBIA VENTURES CORPORATION,<br><br>*Defendants.* | Case No. _____<br><br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Jason Mitchell ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Willamette Falls Paper Co., Inc. and Columbia Ventures Corporation ("Defendants"), by way of this Class Action Complaint, alleging as follows:

**NATURE OF THE ACTION**

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff individually and on behalf of the other similarly situated persons against Defendant, the employer for WARN Act purposes.

Page 1
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

2. Defendants operate a manufacturing plant located at 4800 Mill Street, West Linn, Oregon 97068 ("the Facility").

3. August 9, 2024, upon information and belief, Defendant abruptly terminated several groups of employees, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, who were employed by Defendants at the Facility.

4. Plaintiff's employment was terminated by Defendants on August 9, 2024, as part of a mass layoff and/or plant closing, without proper notice under the WARN Act.

5. Plaintiff brings this action individually and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendants on or around August 9, 2024, and within 90 days of that date who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times herein relevant, the Representative Plaintiff was and is a member of the putative class (as defined below).

Page 2
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

10. Plaintiff Jason Mitchell is a citizen of the United States and resident of Happy Valley, Oregon. Plaintiff was employed by Defendant at all relevant times at the Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

11. Defendant Willamette Falls Paper Co., Inc., is incorporated in Oregon, registered to do business in Oregon, with a corporate headquarters located at 4800 Mill Street, West Linn, Oregon 97068. As registered with the Oregon Secretary of State, Defendant may be served via its registered agent, Brian Konen, 4800 Mill Street, West Linn, Oregon 97068.

12. Defendant Columbia Ventures Corporation is incorporated in Washington, registered to do business in Oregon, with a corporate headquarters located at 1220 Main St., Ste. 200, Vancouver, WA 98660. As registered with the Oregon Secretary of State, Defendant may be served via its registered agent, Jonathan A. Ater, 222 SW Columbia St., Ste 1800, Portland, OR 97201.

13. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the Facility where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

14. Defendants made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

15. Defendant Willamette Falls Paper Co., Inc., upon information and belief, was purchased by Defendant, Columbia Ventures Corporation in June 2019.

16. Defendants share common officers, including Kenneth Peterson.

Page 3
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

17. Defendant Columbia Ventures Corporation retained full control over Willamette Falls Paper Co., Inc., and collectively, the entities directed the termination of employees here, including Plaintiff, such that Columbia Ventures Corporation, retains *de facto* control.

18. Defendant Columbia Ventures Corporation, upon information and belief, dictates the personnel policies for Willamette Falls Paper Co., Inc., and retains control over all employment policies for Willamette Falls Paper Co., Inc.

19. Defendant Willamette Falls Paper Co., Inc.'s operations were part and parcel to Defendant Columbia Ventures Corporation's operation, which directly derived revenue from Willamette Falls Paper Co., Inc.'s operations.

20. Under 20 C.F.R. § 639.3, Defendants constitute a single employer and/or joint employer.

21. Defendants run and operate the Facility.

22. On or about August 9, 2024, Defendants informed a group of employees, including Plaintiff, at the Facility, that their jobs would be immediately terminated as of August 9, 2024.

23. On information or belief, Defendants provided notice to the Oregon HECC – Office of Workforce Investments on August 9, 2024, explaining at least 160 workers were terminated.

24. Defendants did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

25. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

26. By failing to provide its affected employees who were temporarily or permanently terminated on or around August 9, 2024, with proper WARN Act Notices and other benefits,

Page 4
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendants who were terminated pursuant to a mass layoff and/or plant closing on August 9, 2024 (as those terms are defined in the WARN Act) and within 90 days of August 9, 2024.

28. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

Page 5
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

29. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

30. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

31. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
(*On behalf of Plaintiff and the putative class*)

32. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

33. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

34. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

35. The August 9, 2024, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50

Page 6
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

employees at the Facility. Any terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

36. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that it was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work

37. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

38. On information and belief, Defendants did not give 60 days' proper written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give proper written notice to the Oregon Dislocated Worker Unit, Oregon HECC – Office of Workforce Investments, or to the chief elected official of the local government within which the mass layoff was ordered.

39. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about August 9, 2024.

40. As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

Page 7
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

41. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

42. Moreover, Defendants' violations of the WARN Act were not in good faith, and

43. Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A); 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

4. A judgment against Defendants and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and the putative class for

Page 8
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3);

8. A trial by jury; and

9. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

DATED: February 19, 2026                Respectfully submitted,

/s/ Nathan R. Ring, Esq.
Nathan R. Ring, Oregon State Bar No. 172663
**STRANCH, JENNINGS, & GARVEY, PLLC**
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Tel.: 725-235-9750
nring@stranchlaw.com

J. Gerard Stranch, IV*
Mariah S. England*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Tel.: 615/254-8801
Fax: 615/255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Amina A. Thomas*

Page 9
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel.: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*\* Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

Page 10
COMPLAINT
CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750